UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCUS BECERRA, et al.,

    Plaintiff(s),

    v.

RADIOSHACK CORP.,

    Defendant(s).

    _____/

No. C 11-3586 PJH

**ORDER DENYING MOTION TO REMAND; DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE**

    Plaintiffs' motion to remand and defendant's motion to dismiss and to strike came on for hearing on December 7, 2011. Plaintiffs appeared through counsel Robert Spencer and defendant appeared through counsel Jim McNeil. Having read the parties' papers and considered their arguments made at the hearing and the relevant legal authority, the court hereby DENIES plaintiffs' motion to remand and DENIES in part and GRANTS in part defendant's motion to dismiss and to strike, for the reasons stated at the hearing and summarized as follows.

    1.    Plaintiffs' motion to remand, premised on their argument that the state of California is the real party in interest because at least 75% of the penalties they seek for two of their four causes of action will inure to the benefit of California's Labor & Workforce Development Agency, must be and is DENIED. Plaintiffs' argument is foreclosed by the decision in <u>Dep't of Fair Employment & Housing v. Lucent Techs.</u>, 642 F.3d 728 (9th Cir. 2011), which held that the relief sought is that which inures to the state alone. Given that individuals acting as private attorneys general act on their own behalf and on behalf of other employees and given that they will receive 25% of the civil penalties, coupled with the

fact that the other two causes of action do not implicate state interests at all, the court finds that the relief sought by plaintiffs will not inure to the state alone and consequently the state is not the real party in interest and diversity jurisdiction remains a valid basis for diversity jurisdiction.

2.   Defendant's motion to dismiss the complaint for failure to state a claim is DENIED.  The court finds the allegations of the complaint sufficient to put defendant on notice as to the claims and contains more than the simple formulaic elements of the claims.

3.   With regard to defendant's motion to strike, most of defendant's objections go to the adequacy of the class allegations and plaintiffs' ability to satisfy the requirements of Fed. R. Civ. P. 23(a), arguments which the court believes are better addressed in an opposition to a motion for class certification.  However, the court agrees with defendant that plaintiffs have defined the class with reference to one of the ultimate liability issues such that it would be impossible to ascertain class members until the liability issue is tried and resolved.  Because the court finds that a motion to strike is not the appropriate vehicle for making this argument, See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010), and because the parties have fully addressed this issue, the court construes the motion as one brought under Fed. R. Civ. P. 12(b) and GRANTS the motion to dismiss the complaint with respect to the class definition.  Because this defect can be easily cured, leave to amend is granted.

The amended complaint, amending only the class definition, shall be filed no later than 14 days from the date of the hearing and the response shall be filed no later than 21 days thereafter.

**IT IS SO ORDERED.**

Dated: December 7, 2011

PHYLLIS J. HAMILTON
United States District Judge

2