Eric A. Grover, Esq. (SBN 136080)
Robert Spencer, Esq. (SBN 238491)
KELLER GROVER LLP
1965 Market Street
San Francisco, California  94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
eagrover@kellergrover.com
rspencer@kellergrover.com

Attorneys for Plaintiffs
MARCUS BECERRA, NATALIE CIEBRANT,
PHILLIP DIETRO, AND ARIEL GONZALEZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| MARCUS BECERRA, NATALIE CIEBRANT, PHILLIP DIETRO, and ARIEL GONZALEZ, on behalf of themselves, all others similarly situated, and as "aggrieved employees" under the California Labor Code Private Attorneys General Act,<br><br>                  Plaintiffs,<br><br>v.<br><br>RADIOSHACK CORPORATION, and DOES 1 through 10 inclusive,<br>                  Defendants. | Case No.:  11-03586 YGR<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Date:     October 15, 2013<br>Time:    2:00 p.m.<br>Ctrm:   5<br><br>Hon. Yvonne Gonzalez Rogers |

The Motion for Preliminary Approval of Class Action Settlement, filed by Plaintiffs MARCUS BECERRA, NATALIE CEIBRANT, PHILLIP DIETRO and ARIEL GONZALEZ ("Plaintiffs") came on for hearing regularly in Courtroom 5 of the above captioned court, the Honorable Yvonne Gonzalez Rogers presiding.  All parties appeared by counsel of record.

Having fully received and considered the Plaintiffs' motion, the Declaration of Eric A. Grover, the Joint Stipulation for Settlement of Class Action ("Settlement Stipulation"), the proposed Class Notice and Claim Form and revisions thereto, and the arguments of counsel presented to the Court at the hearing of this motion, and with GOOD CAUSE APPEARING, the Court hereby rules as follows:

1.  The Court GRANTS Plaintiffs' Motion for Preliminary Approval of Class Action Settlement;

2.  The Court GRANTS preliminary approval of the terms and conditions contained in the Settlement Stipulation.  The Court finds that the terms of the Settlement Stipulation are within the range of possible approval at the final approval hearing.  Unless otherwise provided in this Order, all capitalized terms shall have the same meaning as set forth in the Settlement Stipulation;

3.  The Court FINDS that the following class should be preliminarily certified for settlement purposes only: "All current and former employees of Defendant who worked at a kiosk located within a Target retail store in California at any time during the period September 21, 2009 through April 30, 2013, inclusive";

4.  The Court FINDS that, for the purposes of approving this settlement, the proposed settlement Class meets the requirements of certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the Class

1

is impracticable; (b) there are questions of law or fact common to the proposed Class Members; (c) the claims of the named Plaintiffs are typical of the claims of the members of the proposed Class and the named Plaintiffs are representatives of the Class; (d) Plaintiffs' Counsel Keller Grover LLP, Steven L. Miller, A Professional Law Corp., and Law Offices of Scott A. Miller, A.P.C will fairly and adequately protect the interests of the Class; and (e) a class action is superior to the other available methods for an efficient resolution of this controversy

5.  The Court APPOINTS as Class Counsel Keller Grover LLP;

6.  The Court APPROVES Plaintiffs Marcus Becerra, Natalie Ceibrant, Phillip Dietro and Ariel Gonzalez as Class Representatives;

7.  The Court APPROVES Simpluris, Inc. as Claims Administrator for the purpose of this settlement.  Simpluris, Inc. is required to submit admissible evidence to support its request for payment in connection with the Final Fairness Hearing;

8.  The Court APPROVES the Class Notice, Claim Form and mailing envelope in the forms attached hereto as Exhibits 1, 2 and 3.  The Court finds that the Class Notice and Claim Form constitute the best notice practicable under the circumstances and is in full compliance with the laws of the United States and the requirements of due process.   The Court further finds that the Class Notice and Claim Form fully and accurately inform Class Members of all material elements of the Settlement Stipulation, of each Class Member's right to submit a claim, of each Class Member's right to be excluded from the settlement, and of each Class Member's right and opportunity to object to the settlement. The Class Notice shall be sent via first class mail to the most recent known address of each Class Member no later than December 5, 2013;;

2

9.   The Claims Administrator shall take all other actions in furtherance of obtaining correct mail address information for settlement Class Members, determination of Settlement Class Member payment amounts, receiving and processing Class Member challenges, opt-outs, and objections, and other claims administration functions, as are specified in the Settlement Stipulation;

10.   Defendant shall mail the Class Notice and Claim to Class Members and other administration functions it agreed to be responsible for, as are specified in the Settlement Stipulation;

11.   The Court APPROVES the proposed procedure for the automatic settlement payment to Class Members who do not timely opt out of the settlement and the proposed procedure for Class Members to submit a Claim Form for an additional settlement payment.  Any Class Member submitting a Claim Form must mail a signed Claim Form to the Claims Administrator so that it is postmarked no later than February 3, 2014;

12.   The Court APPROVES the proposed procedure for the Class Members to submit a request for exclusion from the settlement.   Any Class Member requesting exclusion from the settlement must mail a signed request for exclusion to the Claims Administrator so that it is postmarked no later than February 3, 2014.  Any Class Member who submits a valid and timely request for exclusion shall no longer be a member of the Class, shall be barred from participating in this settlement and shall receive no benefit from this settlement;

13.   The Court further ORDERS that, as provided for in the Settlement Stipulation and pursuant to Federal Rule of Civil Procedure 23(e)(5), each Class Member shall be given a full opportunity to object to the settlement, the plan of distribution, and the requests for attorneys' fees,

3

1   costs and the Named Plaintiffs' enhancement awards.  As explained in

2   the Class Notice, any Class Member seeking to object to the settlement

3   shall submit that objection to the Claims Administrator in writing and

4   shall serve that objection on Class Counsel and Defense Counsel no later

5   than 60 calendar days after the date on which the Class Notice is first

6   mailed.  Class Counsel shall provide copies of any objections submitted

7   by Class Members as part of the final approval submission.  Should any

8   party wish to file a written response to any written objection submitted

9   by a Class Member, that response shall be <u>contained *in the motion for*</u>

10  <u>*final approval of the settlement*, to be filed at least 21 calendar days</u>

11  <u>before the Final Approval Hearing</u>.  Any Class Member who fails to file

12  and serve a timely written objection shall be foreclosed from objecting to

13  the Settlement Stipulation unless otherwise ordered by the Court.  No

14  person shall be heard at the Final Approval Hearing, and no briefs or

15  papers shall be received or considered, unless the foregoing documents

16  have been filed and served as provided in this Order, except as this Court

17  may permit for good cause shown;

18  14.   The Court preliminarily APPROVES the proposed settlement of the

19  California Labor Code section 2698, *et seq.* claims alleged in the

20  Lawsuit and the allocation of $6,000 to settle those claims.  Should final

21  approval be granted, of that amount, and in accordance with California

22  Labor Code section 2699(i), 75%, or $4,500, shall be paid to the State of

23  California Labor and Workforce Development Agency and the

24  remaining 25%, or $1,500, shall be distributed on a pro-rata basis to all

25  Class Members who do not opt out in accordance with the terms of the

26  Settlement Stipulation;

27

28

4

15. Class Counsel shall file a motion for approval of reasonable attorneys' fees, costs, and litigation expenses and a motion for approval of enhancement awards for Plaintiffs Becerra, Ciebrant, Dietro and Gonzalez no later than January 13, 2014, which is 21 calendar days before the deadline by which Settlement Class Members may object to or opt out of the settlement;

16. <u>The motion for final approval of the settlement and all supporting papers shall be filed no later than February 25, 2014</u>, which is 21 calendar days before the Final Approval Hearing.  The Final Approval Hearing may be adjourned or continued without further notice to the Class; and

17. The Final Approval Hearing is scheduled for March 18, 2014 at 2:00 p.m. in Department 1 of this Court, at which time the Court shall finally determine whether the settlement is fair, reasonable and adequate.  The date and time selected for the hearing must appear in the Class Notice.

With the Court's modifications contained herein (*see* paragraphs 13 and 16, and the introductory paragraphs), **IT IS SO ORDERED**.

This Order terminates Dkt. No. 72.

Dated: October 22, 2013

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge

Respectfully submitted,

Dated:  October 16, 2013          KELLER GROVER LLP

By:  */s/Eric A. Grover*
_____
Eric A. Grover

Attorneys for Plaintiffs and Proposed Class Counsel

5

1

Dated:  October 16, 2013                    McKENNA LONG & ALDRIDGE LLP

2

3                                           By: */s/James S. McNeill*
                                                James S. McNeill
4                                               Peter Z. Stockburger

5                                           Attorneys for Defendant RADIOSHACK
                                            CORPORATION
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

# EXHIBIT 1

*(to [Proposed] Order GRANTING Motion for Preliminary Approval of Class Action Settlement)*

*Authorized by the United States District Court*

*For the Northern District of California*

## - Legal Notice -
*- This is not a solicitation from a lawyer -*

**TO: All current and former employees of RadioShack Corporation who worked at a kiosk located within a Target retail store in California at any time during the period September 21, 2009 through April 30, 2013.**

If you worked for RadioShack Corporation ("RadioShack" or "Defendant") at a kiosk located within a Target retail store in California at any time between September 21, 2009 and April 30, 2013, you may be entitled to a money payment from a proposed class action settlement.

This notice tells you about a hearing regarding the proposed settlement and explains your options in this case.  Your legal rights are affected whether you act or don't act.  Please read this notice carefully.

## Your Legal Rights and Options in this Settlement

| | | | |
|---|---|---|---|
| **1** | **Do nothing and receive a settlement payment** | You DO NOT need to do anything to receive a settlement payment of $50 from RadioShack, as explained below. | *See page 4* |
| **2** | **If you qualify, submit a claim to receive an additional settlement payment** | If you have receipts of other proof that you purchased more than two pairs of "Dockers-style" chino or twill pants or skirts in traditional khaki color while employed by RadioShack at a kiosk located within a Target retail store in California between September 21, 2009 and April 30, 2013 and spent more than $50 for those items, you may submit a claim and be eligible to receive an additional settlement payment from RadioShack, as explained below. | *See pp. 4-5* |
| **3** | **Object (but not Opt-Out)** | You may write the Court to say why you do not agree with the proposed settlement. | *See pp. 5-6* |
| **4** | **Stay in the settlement class but get your own lawyer** | You can hire your own lawyer to represent you in this lawsuit. You must then pay your own lawyer's fees and costs. | *See page 6* |

| **5** | **Exclude yourself from the settlement (Opt-Out)** | You will not receive any payment from the settlement, but you will have the option to bring your own lawsuit against RadioShack based on the same alleged practices. | *See page 6* |

**Please do not call or write the Court or RadioShack with questions about this lawsuit.**
*If you have more questions after reading this Notice, see page 7.*

# Summary of the Case

This case is called *Becerra, et al. v. RadioShack Corporation* (United States District Court for the Northern District of California Case No. 11-cv-03586-YGR). Plaintiffs principally contend that Defendant violated California Labor Code §§ 2802 and 2698, *et seq.,* Industrial Welfare Commission Wage Order 7-2001 ("Wage Order 7"), and Business & Professions Code §§ 17200, *et seq.*, by requiring employees who worked for Defendant at kiosks located within Target retail stores in California to wear "Dockers-style" chino or twill pants or skirts in traditional khaki color without providing the clothing items or reimbursing employees for the cost of purchase. Plaintiffs also contend that Defendant violated Labor Code §§ 1198 and 2698, *et seq.* and Wage Order 7 by failing to provide employees with suitable seats.

**RadioShack denies all liability for these claims and contends that its employment practices complied with applicable state laws at all times. RadioShack has asserted a number of factual and legal defenses to Plaintiffs' claims. Nonetheless, without admitting any liability and in the interest of resolving this dispute, RadioShack has agreed to this settlement.**

The Court has made no ruling on the merits of Plaintiffs' claims or RadioShack's defenses. However, the Court has preliminarily approved the proposed settlement. The Court will decide whether to give final approval to the settlement at a hearing scheduled for March 18, 2014, at 2:00 p.m. in Courtroom 1 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Second Floor, Oakland, California 94612.

# Benefits of the Settlement – What You May Get

Each Class Member who does not opt-out will receive automatically a settlement payment of $50.

**You do not need to do anything further to receive the $50 settlement payment. If the settlement receives final approval, all Class Members will receive a $50 settlement payment automatically.**

In addition to the automatic payment of $50, each Class Member who does not opt-out shall have an opportunity to submit receipts or other proof that they purchased more than two pairs of "Dockers-style" chino or twill pants or skirts in traditional khaki color while employed by RadioShack at a kiosk located within a Target retail store in California between September 21, 2009 through April 30,2013 and spent more than $50 for those items. Class Members who submit a Claim Form

and can provide those receipts or other proof of purchase will receive an additional payment equal to the amount over $50 that the Class Member spent on those eligible clothing items. **These Claim Forms must be postmarked no later than February 3, 2014.**

In the unlikely event that the total amount of all payments to Class Members would exceed $320,000, the additional payments will be reduced on a pro rata basis so the total payments do not exceed $320,000.

# Release

As part of the settlement, Class members who do not opt-out will give up certain claims against RadioShack for the period September 21, 2009 through April 30, 2013. The complete statement of release contained in the settlement agreement is reproduced below.

Upon entry of the final approval order and judgment, each Class Member who has not submitted a valid request for exclusion releases Defendant and its present and former affiliates, parent companies, and subsidiaries, and their respective shareholders, officers, partners, directors, employees, agents, trustees, representatives, attorneys, accountants, insurers, predecessors, successors and assigns, and all persons acting under, by, through or in concert with any of them (all of the foregoing are referred to as the "Releasees"), from any and all claims, causes of action, damages, penalties, interest, fines, debts, liens, liabilities, demands, obligations, attorneys' fees, costs, and any other form of relief or remedy in law or equity, whether known or unknown, suspected or unsuspected that existed or came into existence between September 21, 2009 through April 30, 2013, inclusive, that were or could have been asserted based on the facts pleaded in the First Amended Class Action Complaint, including but not limited to all statutes referenced in the First Amended Class Action Complaint and corresponding provisions of Wage Order 7-2001, including but not limited to (i) Labor Code §§ 1198 and 2802, (ii) Labor Code §§ 2698, *et seq.* and Business and Professions Code §§ 17200, *et seq.* claims premised on violations of Wage Order 7-2001 and/or Labor Code §§ 1198 and/or 2802, and (iii) interest, costs and attorneys' fees related to the such claims. The claims described above are referred to herein as the "Released Claims."

With respect to these released claims, each Class Member shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits afforded by § 1542 of the California Civil Code, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

**However, the Parties expressly exclude from the scope of the release any claims that Class Members have in connection with any individual actions or class actions involving claims other than those as described and defined in the release above.**

# Notice of Hearing in this Case

The Court has approved Plaintiffs Marcus Becerra, Natalie Ceibrant, Phillip Dietro and Ariel Gonzalez to represent the Class Members and has given preliminary approval to the proposed

3

settlement.  A final hearing to consider the fairness of the proposed settlement is scheduled for March 18, 2014 at 2:00 p.m. at the following location:

> United States District Court
> Northern District of California
> 1301 Clay Street, Second Floor
> Courtroom 1
> Oakland, California 94612

You are not required to attend the final hearing.  The hearing may be adjourned or continued without further notice to the Class.

# Attorneys' Fees and Costs, Administration Costs and Class Representatives' Enhancements

Under the terms of the settlement, Plaintiff's attorneys, Keller Grover LLP, Steven L. Miller, A Professional Law Corp., and Law Offices of Scott A. Miller, A.P.C., will submit a request to the Court for $178,000 in attorneys' fees and out-of-pocket costs.

The Claims Administrator, Simpluris, Inc., will seek a payment of up to $10,500 for the costs and fees incurred to administer the settlement.  The four named Plaintiffs will seek an enhancement award of $3,000 each for their time and effort in assisting in the litigation and settlement.

All amounts requested for fees, costs and enhancements are subject to Court approval at the final approval hearing.

# More Information About Your Options and Legal Rights

## 1   Do nothing and receive a settlement payment.

You do not need to do anything to participate in the settlement.  If the Court grants final approval of the settlement, you will receive a $50 settlement payment automatically. You do not have to pay for the lawyers who have represented you in this case so far.

If you do nothing, you will be legally bound by the Court's decisions in this case and you cannot bring a separate lawsuit against RadioShack for the released claims.

Please contact the Claims Administrator at the telephone number on page __ of this Notice if this Notice was not mailed to your current address or if you move before the final approval hearing.

## 2   If you qualify, submit a claim to receive an additional settlement payment.

In addition to the automatic payment of $50, each Class Member who does not opt-out shall have an opportunity to submit receipts or other proof that they purchased more than two pairs of "Dockers-style" chino or twill pants or skirts in traditional khaki color while employed by RadioShack at a kiosk located within a Target retail store in California between September 21, 2009 through April 30,2013 and spent more than $50 for those items.  Class Members who submit a Claim Form and receipts or other proof of purchase of more than two pairs of "Dockers-style" chino or twill pants or skirts in traditional khaki color while employed by RadioShack at a kiosk located within a Target retail store in California between September 21, 2009 through April 30,2013 will receive an additional payment equal to the amount over $50 that the Class Member spent on eligible clothing items.  A Claim Form is enclosed with this Notice.

# 3    Object.

If you are a Class Member and do not opt out of the settlement, you may write to the Court to say why you do not agree with the proposed settlement.

Your objection must include:

- The name of this case:  *Becerra, et al. v. RadioShack Corporation* (United States District Court for the Northern District of California Case No. 11-cv-03586-YGR);
- Your name and address;
- A written statement of all grounds for your objection including, if available, any supporting legal arguments;
- A statement of whether you intend to appear at the final approval hearing; and
- Your signature or the signature of your counsel, if any.

**Your objection must be mailed to the Court by February 3, 2014.  You may mail your objection to the Court at**:

> Clerk, United States District Court,
> Northern District of California
> 1301 Clay Street
> Oakland, California 94612

**You also must mail a copy of your objection to all of the attorneys listed below by February 3, 2014:**

**Attorneys for the Class ("Class Counsel"):**

**KELLER GROVER LLP**
**Eric A. Grover, Esq.**
**1965 Market Street**
**San Francisco, California  94103**
**Telephone: (415) 543-1305**
**Facsimile: (415) 543-7861**
**eagrover@kellergrover.com**

**Attorneys for Defendant ("Defense Counsel"):**

> **McKENNA LONG & ALDRIDGE LLP**
> **James S. McNeill, Esq.**
> **4435 Eastgate Mall, Suite 400**
> **San Diego, California  92121**

If you object, you remain a member of the Class and remain eligible to receive a settlement payment if final approval is granted.  If you do not want to be a part of this case, see Section 5, "Exclude yourself from the settlement class," below.

## 4    Stay in the settlement class but get your own lawyer.

If you want to participate in the proposed settlement and stay in the lawsuit, but prefer to have your own attorney, you are free to do so.  However, you will have to pay your lawyer's fees and costs.

## 5    Exclude yourself from the settlement class (Opt-Out).

If you do not want to remain a member of the settlement class, you can request to be excluded from the lawsuit (i.e., opt out).  You can opt out of the lawsuit by mailing a written, signed request to be excluded to the Claims Administrator.  Your request must be **postmarked** no later than February 3, 2014 and must contain the following information:  (a) your printed full name, (b) your full address, and (c) the following language:  "**I want to be excluded from the lawsuit involving RadioShack described in the Notice I received dated December 5, 2013.  I understand that by requesting exclusion, I will not be eligible to receive any payment from the settlement.**"  This request must be **signed** by you.

If you opt out of the lawsuit, you will no longer will be a member of the Class and you will not be eligible to participate in the settlement.  By opting out of the lawsuit, you will retain whatever rights or claims you may have, if any, against RadioShack, and you will be free to pursue your own lawsuit against RadioShack, if you choose to do so.

Your request for exclusion should be mailed to:

> RadioShack Settlement Claims Administrator
> Simpluris, Inc.
> [insert address]

# To Learn More About This Case

This notice is only a summary.  For more information about this case and to review key documents pertaining to the proposed settlement, you may:

**Contact the Claims Administrator**:

RadioShack Settlement Claims Administrator
Simpluris, Inc.
[insert address]
[insert phone number]

**-OR-**

**Contact the Attorneys for the Class**:

**KELLER GROVER LLP**
Eric A. Grover, Esq.
1965 Market Street
San Francisco, California  94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
eagrover@kellergrover.com


**You may also inspect the Court files at the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California 94612 from 9:00 a.m. to 4:00 p.m., Monday through Friday.  Any questions regarding this Notice or the Lawsuit may be directed to the Claims Administrator at the above address and telephone number, or you may contact Class Counsel at the address, e-mail address and telephone number set forth above.  Alternatively, you may contact your own attorney, at your own expense, to advise you.**

**PLEASE DO NOT CALL OR WRITE THE COURT, PLAINTIFFS OR RADIOSHACK ABOUT THE LAWSUIT OR THIS NOTICE.  INQUIRIES SHOULD BE DIRECTED TO THE CLAIMS ADMINISTRATOR OR THE ATTORNEYS LISTED ABOVE.**

7

# EXHIBIT 2

*(to [Proposed] Order GRANTING Motion for Preliminary Approval of Class Action Settlement)*

*BECERRA, et al. v. RADIOSHACK CORPORATION*
**UNITED STATES DISTRICT COURT, N.D. OF CALIFORNIA CASE NO. 11-CV-03586-YGR**

# CLASS ACTION SETTLEMENT CLAIM FORM

**TO CLAIM AN ADDITIONAL SETTLEMENT PAYMENT YOU MUST RETURN YOUR PROOFS OF PURCHASE AND THIS CLAIM FORM POSTMARKED ON OR BEFORE FEBRUARY 3, 2014 TO:**

> RadioShack Settlement Claims Administrator
> c/o Simpluris, Inc.
> [insert address]
> [insert phone number]

**IF YOUR CLAIM FORM IS INCOMPLETE OR POSTMARKED AFTER FEBRUARY 3, 2014, YOU WILL NOT BE ENTITLED TO RECEIVE ANY ADDITIONAL SETTLEMENT PAYMENT.**

**SECTION A:  CLAIMANT INFORMATION** *PLEASE PRINT CLEARLY*

|||||||||||||||||||||| Claim #: _____         Name/Address Changes (if any):

«First1» «Last1»                              _____
«c/o»                                        _____
«Address2»                                   _____
«Address1»                                   _____
«City», «ST»  «ZIP»  «Country»               _____

*If your name or address is different from those shown above, print corrections on the lines to the right. If you move, you must provide the Claims Administrator with your new address.*

(_____)_____         (_____)_____
Area Code   Daytime Telephone Number         Area Code    Evening Telephone Number

E-mail Address: _____

Any Other Names Used While Employed by RadioShack: _____

**FAILURE TO:**

**(1) COMPLETE ALL REQUIRED SECTIONS; AND**

**(2) SUBMIT THIS CLAIM FORM AND PROOFS OF PURCHASE BEFORE THE DEADLINE MAY RESULT IN A <u>DENIAL OF YOUR CLAIM FOR AN ADDITIONAL SETTLEMENT PAYMENT.</u>**

In addition to the automatic payment of $50, each Class Member who does not opt-out shall have an opportunity to qualify for an additional settlement payment by submitting receipts or other documents showing purchase of more than two pairs of "Dockers-style" chino or twill pants or skirts in traditional khaki color while employed by RadioShack at a kiosk located within a Target retail store in California between September 21, 2009 and April 30, 2013.

No claims for additional settlement payments will be accepted without proofs of purchase showing purchase of eligible clothing items.

**SECTION B**:   **AUTHORIZATION FOR CLAIMS ADMINISTRATOR TO OBTAIN ADDITIONAL EMPLOYMENT INFORMATION**

Claimant hereby authorizes the Claims Administrator to obtain from Defendant additional employment information (if any) necessary in order to administer this claim.

**SECTION C**: **CERTIFICATION AND SIGNATURE OF CLAIMANT**

The undersigned hereby certifies under penalty of perjury under the laws of the United States and the State of California that all of the information provided by Claimant on this Claim Form is true and correct.  By your signature below, you also affirmatively state that you have reviewed, understand and agree to the release of claims outlined in the settlement Notice that you received with this Claim Form.

Date:   _____        _____
                                                                      Signature of Claimant


                                                                      _____
                                                                      (Print Name Clearly)

**PLEASE REVIEW THE CLAIM FORM TO ENSURE THAT IT HAS BEEN FILLED OUT IN ITS ENTIRETY.**

IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE CLAIMS ADMINISTRATOR OR THE ATTORNEYS FOR THE CLASS AT THE ADDRESS AND TELEPHONE NUMBER LISTED BELOW:

INSERT NAME,                              Eric A. Grover, Esq.
PHONE NUMBER OF                    Keller Grover LLP
CLAIMS ADMINISTRATOR         (415) 543-1305
                                                     eagrover@kellergrover.com

# EXHIBIT 3

*(to [Proposed] Order GRANTING Motion for Preliminary Approval of Class Action Settlement)*

RadioShack Settlement Claims Administrator
Simpluris, Inc.
[insert address]

[Insert Recipients Address]

**THIS IS A LEGAL NOTICE.  IT IS NOT AN ADVERTISEMENT OR A SOLICITATION.
THIS NOTICE CONTAINS INFORMATION ABOUT DEADLINES AFFECTING YOUR RIGHTS TO
PARTICIPATE IN A CLASS ACTION SETTLEMENT.
OPEN IMMEDIATELY.**