# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| MARCUS BECERRA, NATALIE CIEBRANT, PHILLIP DIETRO, and ARIEL GONZALEZ, on behalf of themselves, all others similarly situated, and as "aggrieved employees" under the California Labor Code Private Attorneys General Act,<br>                         Plaintiffs,<br>         v.<br>RADIOSHACK CORPORATION, and DOES 1 through 10 inclusive,<br>                         Defendants. | Case No.:  11-3586 YGR<br><br>CLASS ACTION<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

The Court, having granted preliminary approval of class action settlement on October 22, 2013, directed notice of the proposed settlement to all Class Members, having read and considered the Plaintiffs' Motion for Final Approval of Settlement and all supporting papers, including Defendant RadioShack Corporation's Non-Opposition to Plaintiff's Motion for Final Approval of Class Settlement, and upon consideration of argument presented on March 18, 2014, and with GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Court hereby finds that the notice of settlement, which was mailed to all Class Members[1] as previously ordered by the Court, described the terms of the proposed Settlement, provided the date of the fairness hearing, the manner in which Class Members could object to or participate in the settlement, and the manner in which Class Members could opt out of the class.  The Court finds that it was the best notice practicable under the circumstances, and complied fully with Federal Rule of Civil Procedure 23(c)(2)(B) and 23(e)(1), due process and all other applicable laws.  The Court further finds that a full and fair opportunity has been afforded to all Class Members to participate in the proceedings convened to determine whether the proposed Settlement should be given final approval.  No objection was filed to the Settlement and no Class Member opted out of the Settlement.  No statements in opposition to the settlement were made at the hearing on March 18, 2014.  Accordingly, the Court hereby determines that all Class Members are bound by this Judgment and Final Order.

2.      The Court finds that the Settlement is fair, reasonable, and adequate in all respects, and is the product of good faith, arm's length negotiations between the parties, and fully complies with all applicable provisions of law. Accordingly, the Court hereby finally and unconditionally approves the Settlement, and specifically:

    a.      Approves the Maximum Settlement Amount of $525,000 as fair, reasonable, and adequate.  Within the deadline set forth in the Joint Stipulation for Settlement of Class Action, Defendant shall deposit with the Claims Administrator the amount required to fund all payments required by this Judgment and Final Order;

    b.      Approves that $6,000 of the Maximum Settlement Amount be allocated to resolve PAGA claims, and that under Labor Code section 2699(i), 75% of

---

[1] As set forth in this Court's Order granting preliminary approval as well as the Settlement Stipulation, the settlement class is defined as:  "All current and former employees of Defendant who worked at a kiosk located within a Target retail store in California at any time during the period September 21, 2009 through April 30, 2013, inclusive."  (*See* Dkt. Nos. 77, 78-2 at ¶ 6; 79 at 5.)

1  that amount, or $4,500, be paid to the California Labor and Workforce Development
2  Agency;

3        c.    Approves that $3,000 each be paid to the Named Plaintiffs and Class
4  Representatives Becerra, Ciebrant, Dietro, and Gonzalez as a service award, which is
5  justified by the time and effort expended by the Named Plaintiffs on behalf of the class
6  and risk they assumed in bringing this action;

7        d.    Approves Class Counsel's attorneys' fee request of $169,356.20
8  which represents less than Class Counsel's actual lodestar, which was $219,175.00 as of
9  December 31, 2013;

10       e.    Approves Class Counsels' request for reimbursement of litigation
11  expenses of $8,643.80;

12       f.    Approves payment to Simpluris, the Claims Administrator, of
13  $10,500 as costs and expenses of settlement administration;

14       g.    Approves payment from the settlement fund of amounts determined
15  by the Claims Administrator to be due to Class Members as specified in the Joint
16  Stipulation for Settlement of Class Action.

17    3.    This Judgment and Final Order shall have a res judicata effect and bar
18  each Named Plaintiff and each Class Member from bringing any action asserting any
19  "Released Claims" as the term is defined in the Joint Stipulation for Settlement of Class
20  Action.  (*See* Dkt. No. 78-2 ¶¶ 21-26.)

21    4.    This Court shall retain jurisdiction to enforce the terms of the Joint
22  Stipulation for Settlement of Class Action.

23    5.    The Clerk of the Court shall enter Judgment in accordance with this
24  Judgment and Final Order.

25    6.    This action shall be **DISMISSED WITH PREJUDICE.**

26

27

28

3

**IT IS SO ORDERED.**

Dated: March 26, 2014

_____
HON. YVONNE GONZALEZ ROGERS
United States District Court Judge

4